UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

| | |
|---|---|
| SARAH WILSON, Individually, | : |
| Plaintiff, | : |
| v. | : Case No. 6:18-cv-1247 |
| MONG LAN NGUYEN, Individually | : |
| Defendant. | : |

# **COMPLAINT**

Plaintiff, Sarah Wilson (hereinafter "Plaintiff"), hereby sues the Defendant, Mong Lan Nguyen, an individual (hereinafter "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. ("ADA"). In support thereof, Plaintiff states:

1. This action is brought by Sarah Wilson pursuant to the enforcement provision of the Americans With Disabilities Act of 1990 ("ADA"), 42 U.S.C. 12188(a) against the owners and/or operators of the Super Laundry.

2. This Court has jurisdiction pursuant to the following statutes:

  a. 28 U.S.C. §1331, which governs actions that arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §12181 et seq. See also 28 U.S.C. §2201 and §2202.

  b. 28 U.S.C. §1331, which gives District Courts original jurisdiction over civil actions arising under the Constitution, laws or treaties of the United States; and

   c. 28 U.S.C. §1343 (3) and (4), which gives District Courts jurisdiction over actions to secure civil rights extended by the United States government.

3. Venue is proper in this judicial district and division. Defendant does business in the State of Kansas, and all of the acts of discrimination alleged herein occurred in this judicial district and division.

## PARTIES

4. Plaintiff Sarah Wilson is a resident of Sedgwick County, Kansas, suffers from depression, anxiety and PTSD. She utilizes a service dog and is an individual with a disability within the meaning of the ADA, 42 U.S.C. 12102(2), 28 C.F.R. 36.104.

5. Plaintiff Sarah Wilson is substantially limited in performing one or more major life activities.

6. Plaintiff Sarah Wilson resides in close proximity to the property in question and frequently visits such property.

7. Plaintiff Sarah Wilson is a frequent patron at the Super Laundry, located at 415 East Pawnee, Wichita, Kansas.

8. The Super Laundry is a place of public accommodation within the meaning of Title III of the ADA, 42 U.S.C. 12181, 28 C.F.R. 36.104.

9. Defendant owns, leases, leases to, or operates the Super Laundry, and is responsible for complying with the obligations of the ADA.

## COUNT I

## VIOLATION OF THE ADA

10. Plaintiff realleges paragraphs one (1) through nine (9) of this Complaint and incorporates them here as if set forth in full.

11. Plaintiff was a patron at the Super Laundry on or about June 11, 2018.

12. While Plaintiff was a patron at the property, utilizing her service dog, she was approached by the Manager, who demanded that Plaintiff leave the premises with her service dog.

13. Plaintiff attempted to discuss her service dog with the Defendant, who then began to berate Plaintiff regarding her disability, slandered her, and told her that he was calling the police.

14. Plaintiff's service dog was wearing a vest indicating that it was a service dog, which Plaintiff attempted to explain to Defendant.

15. Defendant notified the Police that Plaintiff was wrongfully on Defendant's property because she was utilizing a service dog.

16. Defendant was shortly thereafter wrongfully and discriminately escorted from the property by several police officers.

17. Defendant's property is in violation of 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

18. Plaintiff, upon visiting the property, personally suffered discrimination because of her disability and her use of a service dog.

19. Defendant has discriminated against Plaintiff based upon her disability, such as:

a. Defendant fails to train and educate themselves and staff in how to interact with those individuals with disabilities.

b. Defendant fails to properly train and educate their employees in how to interact with those individuals with disabilities.

c. Defendant maintains a policy to not train their employees in how to interact with those individuals with disabilities.

d. Defendant maintains a policy to not allow service dogs into their properties.

e. Defendant maintains a policy of discrimination against disabled individuals by not allowing service dogs on their property.

f. Defendant maintains a policy to discriminate against disabled individuals by having police escort them from their properties.

Laundry are not accessible to or usable by Plaintiff, as specified in 28 C.F.R 36.406 and the Standards for Accessible Design, 28 C.F.R., Pt. 36, Appendix A ('the Standards").

20. The discriminatory violations described in paragraph 19 of this Complaint are not an exclusive list of the Defendants' ADA violations. The Plaintiff has been denied access to, and has been denied the benefits of, services, programs and activities of the Defendant's buildings and facilities, and has otherwise been discriminated against and damaged by the Defendant because of the Defendants' ADA violations, as set forth above.

21. The Plaintiff will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. The Plaintiff has been denied access to, and has been denied the benefits of services, programs and activities of the Defendants' buildings and its facilities, the opportunity to use such elements, and has otherwise been

discriminated against and damaged by the Defendants because of the Defendants' ADA violations, as set forth above.

22.     Plaintiff has standing to sue for every barrier to access for the disabled that exists on the subject premises. Sarah Wilson has standing to require that all barriers to access on the property for the disabled are corrected, not merely only those Sarah Wilson personally encountered.

23.     Defendants' failure to remove the architectural barriers and discriminatory practices as identified in paragraph nineteen (19) constitutes a pattern or practice of discrimination within the meaning of 42 U.S.C. 12188 (b)(1)(B)(i) and 28 C.F.R. 36.503 (a).

24.     It would be readily achievable for the Defendant to remove the architectural barriers and discriminatory practices identified above.

25.     Defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public accommodation that have existed prior to January 26, 1992, 28 CFR 36.304(a); in the alternative, if there has been an alteration to Defendant's place of public accommodation since January 26, 1992, then the Defendant is required to ensure to the maximum extent feasible, that the altered portions of the facility are readily accessible to and useable by individuals with disabilities, including individuals who use wheelchairs, 28 CFR 36.402; and finally, if the Defendant's facility is one which was designed and constructed for first occupancy subsequent to January 26, 1993, as defined in 28 CFR 36.401, then the Defendant's facility must be readily accessible to and useable by individuals with disabilities as defined by the ADA.

26. The Defendant has discriminated against Plaintiff by denying her access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the buildings, as prohibited by 42 U.S.C. § 12182 et seq. and 28 CFR 36.302 et seq

27. Defendant continues to discriminate against the Plaintiff by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

28. Sarah Wilson has a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to this property as described, but not necessarily limited to, the allegations in paragraph 14 of this Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violations of the ADA by the Defendants.

29. Plaintiff is aware that it will be a futile gesture to re-visit the property until it becomes compliant with the ADA.

30. Plaintiff is without an adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31. Notice to Defendant is not required as a result of the Defendant's failure to cure the violations by January 26, 1992 (or January 26, 1993, if Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiffs or waived by the Defendant.

32.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to make the property readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendant cures its violations of the ADA.

33.     Because Defendant has engaged in the acts and practices described above, Defendant has violated the law as alleged in this Complaint and unless restrained by this Honorable Court, Defendant will continue to violate the Constitution and laws of the United States of America, and will cause injury, loss and damage to the Plaintiff, and all others so similarly situated.

**WHEREFORE,** Plaintiff respectfully requests that this Court:

    A.     Declare that Defendant has violated title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq, 28 C.F.R. pt. 36.

        i.     by failing to bring the Super Laundry into compliance with the Standards where it is readily achievable to do so; and

        ii.    by failing to take other readily achievable measures to remove architectural barriers to access when it is not readily achievable to comply fully with the Standards, and

        iii.   by failing to train and educate employees and staff on the laws and policies of service dogs and the ADA.

    B.     Order Defendant:

        i.     to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA;

        ii.       to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities.

    C.    Award attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

    D.    Order such other appropriate relief as the interests of justice may require.

Respectfully Submitted,

/s/ Pete M. Monismith\_\_\_
Pete M. Monismith
Kansas Bar #26379
3945 Forbes Ave., #175
Pittsburgh, PA 15213
724-610-1881 (phone)
412-258-1309 (fax)
pete@monismithlaw.com

## PLAINTIFF'S REQUEST FOR PLACE FOR TRIAL

Plaintiff Sarah Wilson hereby requests that trial be held in Wichita, Kansas.

Respectfully Submitted,

/s/ Pete M. Monismith\_\_\_